## SAWYER CRYSTAL BLUE CO. v. HUBBARD.

*(Circuit Court, D. Massachusetts. September 12, 1887.)*

1. TRADE-MARK—BOTTLES—SHAPE AND APPEARANCE.

Plaintiff used on the bottles, in which it sold liquid bluing, a bright metallic cap of tin, extending down over about half of the rim at the mouth of the bottle, the cap having six perforations. *Held,* that defendant should be restrained from using for the sale of his bluing a similar cap on bottles of the same shape and appearance as those of plaintiff.

2. SAME—USE OF OLD BOTTLES.

Where both parties are manufacturers of liquid bluing, the defendant may be restrained from using for the sale of the bluing manufactured by him old bottles of the plaintiff having plaintiff's name upon them; following *Evans* v. *Van Laer, ante,* 153.

This was a bill in equity to restrain defendant from infringing rights in the nature of a trade-mark, and to prevent unfair competition in business, and was heard upon a motion for a preliminary injunction. The facts appearing by the pleadings and affidavits were substantially as follows: About 1864 Henry Sawyer commenced the manufacture of bluing in the city of Boston, Massachusetts, and succeeded in establishing a large and remunerative business, which was carried on by him until 1880, when he transferred it, with all its assets, including its trade-marks and good-will, to the plaintiff, a corporation organized under the laws of Maine, but having its principal place of business at Boston. Sawyer became the president of the company, and is a large stockholder. Among the bluings manufactured by Sawyer, and afterwards by the plaintiff, is an article known as "Liquid Bluing," which since 1868 or 1869 has had a large sale, and has been put up continuously in a special style of package of the following description: A bottle of light green color, having a flat body with rounded shoulders, and a neck about an inch long terminating in a rim or lip, upon one side of which is blown or moulded in three lines, in large letters, the words, "Sawyer's Crystal Bluing." On top of the bottle is a bright metallic cap of tin extending down over about half the rim at the mouth of the bottle, and in the cap are six perforations. On the side of the bottle opposite the words "Sawyer's Crystal Bluing" is a large oval label, partly in white and partly in red and blue, with the words "Sawyer's Crystal Blue," "H. Sawyer, Boston, Mass. Copyright secured," together with "Directions" for using. The defendant was formerly in Sawyer's employ, but has for some time manufactured and sold liquid bluing in Boston on his own account. The package used by defendant, which the plaintiff sought to restrain, consists of a bottle of the same size and shape as that used by plaintiff, with a bright metallic top of the same character. The labels on the bottles used by defendant are octagonal in shape, and are red, with the words "Hubbard's Concentrated Chinese Blue. Hubbard & Co., Boston," in white letters. Some of the labels used by him had a blue ground. So far as regards the labels themselves, there was no similarity between the plaintiff's and defendant's packages. Some of the bottles

used by defendant were old bottles of the plaintiff, with the words "Saw-yer's Crystal Bluing" moulded or blown on one side. The defendant contended that the shape of bottle used by plaintiff was the one used generally for putting up liquid bluing, and that it was his custom to buy old bluing bottles indiscriminately.

*Rowland Cox* and *Warren & Brandeis*, for plaintiff.

*F. D. Ely,* for defendant.

COLT, J. Upon the papers submitted to me on this motion for a preliminary injunction, I am satisfied that the defendant should be restrained from using bottles having complainant's name upon them, (see *Evans* v. *Von Laer, ante,* 153,) and from using the bright metallic top on a bottle of the shape and appearance used by complainant. It seems to me that these things are calculated to deceive the public into buying the defendant's bluing for the complainant's, and that they are made use of by the defendant for this purpose. An injunction to this extent may be granted.